UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| SAMUEL WILLIAMS, <br> Plaintiff, | ) <br> ) <br> ) |
| v. | ) CASE NO. 3:18-cv-240 - RLY/MPB <br> ) |
| U.S. DEPARTMENT OF EDUCATION <br> Defendant. | ) <br> ) <br> ) |

### COMPLAINT FOR DECLARATORY RELIEF

Comes now, Samuel Williams, Plaintiff, and files his Complaint for Declaratory Relief, asking that this Court declare his student loan was discharged on May 16, 1997 when the Department of Education sent him a letter stating, "your request for cancellation of your defaulted student loan account because of your filing of bankruptcy has been approved" or in the alternative find that interest stopped accruing when the Department of Education sent said correspondence. In support of his Complaint, Williams states as follows:

### Jurisdiction

1. The Plaintiff may seek declaratory relief from this Court under 28 USC § 2201. This Court has jurisdiction under 28 USC § 1331.

2. This Court is the proper venue because Williams is a resident of the Southern District of Indiana.

### Parties

3. Plaintiff, Samuel Williams, is a resident of Winslow, Indiana. He received an education loan from the United States Department of Education in 1990.

4. The United States Department of Education is a department created by the United States government. The Department of Education establishes policies on federal financial aid for education,

1

and distributes and monitors those funds. From time to time, the Department of Education will seek to collect on defaulted student loans.

5. The United States Attorney General has been served a copy of this action as required by Federal Rule of Civil Procedure 4(i).

6. The United States Attorney for the Southern District of Indiana has been served a copy of this action as required by Federal Rule of Civil Procedure 4(i).

## Factual Allegations

7. On or about January 8, 1990, Mr. Williams received a loan distribution for $5,440.60 to finance his education. (Exhibit A)

8. The school Mr. Williams was attending closed in January 21, 1993.

9. Mr. Williams filed for personal bankruptcy under Chapter Seven of the United States Code on or about December 17, 1997.

10. On May 16, 1997, Williams received a letter (hereinafter "the Cancellation Letter") from the Department of Education stating:

> Your request for cancellation of this defaulted student loan account because of your filing of bankruptcy has been approved.

11. Williams did not make any payments on the loan after receiving the letter.

12. Williams received no further communication from the Department of Education until October of 2004 when he received a letter from the Department of Education seeking payment for the student loan debt.

13. In response to the October 2004 letter, Williams forwarded the Cancellation Letter to the Department of Education.

14. Williams received a response on letterhead from Federal Student Aid. It stated that the Cancellation Letter was incorrect and that Williams owed the unpaid principal and the interest that

accrued in the seven years between the Cancellation Letter and the October 2004 letter. The requested interest was $10,123.52. It stated in part:

> On May 16, 1997, ED sent you a letter advising you that your loans were discharged in bankruptcy. This letter was sent to you in error. We apologize for the error and regret any inconvenience it may have caused you to remain responsible for the balance owed on this debt.

15. Williams completed a Loan Discharge Application on December 12, 2004 and sent it to the Department Of Education. His request was denied.

16. Williams sought the advice of an attorney who is no longer available to consult, but who advised Williams that the matter was taken care of.

17. Williams received no further notices from the Department of Education until 2011.

18. In June 2011, Williams received a letter from the Department of Education seeking to collect the principal amount and $7,771.31.

19. On August 1, 2011, Williams, through counsel, sent a letter which explained the circumstances and provided supporting documentation. The letter contained an offer of compromise and settle.

20. The Department of Education never responded to the August 2011 letter.

21. On October 8, 2018, Williams received another letter attempting to collect his student loan debt.

22. On October 23, 2018, Williams, through counsel, sent a letter to the Department of Education, which again contained a detailed explanation and supporting documentation.

23. On November 13, 2018, Williams received a letter, which did not mention the Cancellation Letter. Instead, the Department Of Education informed Williams that he was not eligible for a discharge because the school he attended had not closed within 120 days of the closure date. The letter instructed Williams to file a lawsuit in the United States Federal District Court if he disagreed with the Department Of Education's decision.

## Additional Allegations

24. The Department of Education waived its right to collect by sending the Cancellation Letter.

25. The Department of Education is estopped from collecting as a result of the Cancellation Letter.

## RELIEF REQUESTED

1. Williams seeks a determination that the Department of Education waived its right to collect on the debt when it sent the Cancellation Letter.

2. Williams seeks a determination that the Department of Education is estopped from collecting as a result of the Cancellation Letter.

3. Williams seeks a judicial determination that on May 16, 1997, the United States Department of Education terminated his obligations on his student loan debt when it sent him a letter stating that his debt had been cancelled.

4. In the event the Court determines that the letter did not terminate Williams's obligations, Williams seeks a determination that his failure to make payments on his student loan was in reasonable reliance on the Department of Education's statement that it had cancelled his debt. He, therefore, is not responsible for any interest that accrued between May 16, 1997 and the date this court enters an order regarding the enforceability of the debt.

KEATING & LaPLANTE, LLP

By: /s/ Yvette M. LaPlante
    Yvette M. LaPlante, #27214-49
    101 N.W. First Street, Suite 116
    P.O. Box 3556
    Evansville, IN 47734
    Telephone: (812) 463-609
    Facsimile: (812) 463-6094
    Email: ylaplante@keatingandlaplante.com
    *COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2018, a copy of the foregoing Complaint for Declaratory Relief was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

No Electronic Recipients

I hereby certify that on December 11, 2018, a copy of the foregoing Complaint for Declaratory Relief was mailed, by first-class U.S. Mail, postage prepaid and addressed to the following:

U.S. Department of Education
Office of General Counsel
400 Maryland Ave. S.W., Room 6E353
Washington, DC 20202

U.S. Attorney for Southern District of Indiana
10 W. Market Street, Suite 2100
Indianapolis, IN 46204-3048

U.S. Attorney General
950 Pennsylvania Ave. N.W.
Washington, DC 20530-0001

KEATING & LaPLANTE, LLP

By: /s/ Yvette M. LaPlante, #27214-49
Yvette M. LaPlante, #27214-49


KEATING & LaPLANTE, LLP
101 N.W. First Street, Suite 116
P.O. Box 3556
Evansville, IN 47734-3556
Telephone: (812) 463-6093
Facsimile: (812) 463-6094
www.keatingandlaplante.com

# EXHIBIT A

# ELECTRONIC TO HEAF

JAN 08 1990

**SECTION A - TO BE COMPLETED BY APPLICANT**

Williams, Samuel S. — 029 5? ? 7 3 ! ? — SS#: 306 50 2014 — DOB: 2/8/52

120 Harriet St.
Evansville, IN 47710

Phone: (812) 423-6531
Driver's License: 2913-92-8968 IN

(812) 867-0074 — $2625 — 12/89 — 08/90

**References:**
- John Williams, 1406 Taylor, Evansville 47714, (812) 473-8143
- Doris Williams, 652 e/o Lincoln Ave., Evansville IN 47715, (812) 479-3566
- Ruby McCutchan, 19820 McCutchan Rd., Evansville IN 47711, (812) 867-3148

Signature: X Samuel S. Williams — Date: 10/31/89

**SECTION B - TO BE COMPLETED BY SCHOOL**

School: CareerCom Jr. College of Business
Phone: (812) 867-0074
ID: 025706
Address: 1314 Burch Drive, Evansville, IN 47711
School code: 0003

Period: 12/04/89 — 08/04/90
Grade level: 1
Graduation date: 09/07/91

Cost of attendance: $10,125
EFC: 0
Financial aid: $2924

Certification date: 12/04/89

Foreign school: No

Financial Aid Officer: Rondo J. Wayander (?), FAO
Signature: Rondo Wifandu — 01/08/90

**SECTION C - TO BE COMPLETED BY LENDER**

MID-CONTINENT FEDERAL SAVINGS & LOAN
124 W. CENTRAL
P.O. BOX 470
EL DORADO, KS 67042

Lender code: 818528 — asap 1313
04/19/90 1312

**SECTION D - TO BE COMPLETED BY HEAF**

Signature: X Jolene Keith — Jolene Keith V.P.
Date: 10-1-90 -08 +90

LENDER COPY

---

EXHIBIT "A"

# SUPPLEMENTAL LOAN FOR STUDENTS (SLS) APPLICATION/PROMISSORY NOTE — LENDER COPY

**JAN 08 1990**   **JAN 24 1990**

HIGHER EDUCATION ASSISTANCE FOUNDATION
P.O. BOX 64107

## SECTION A — TO BE COMPLETED BY BORROWER

- Last name: Williams
- First: Samuel
- MI: S
- SSN: 306 50 2014
- Date of birth: 2 8 52
- Phone: (812) 423-6531
- Address: 120 Harriet St.
- City: Evansville
- State: IN
- ZIP: 47710
- Driver's license: 4918-8968  IN

School address: Same

Loan amount requested: $4000.00
Loan period: 12  89  —  06  90
Phone: (812) 867-0014

### References

1. John A. Williams — 1466 Taylor — Evansville IN 47714 — (812) 473-8143
2. Doris Williams — 6513 upper Lincoln Ave — Evansville IN 47715 — (812) 479-3566
3. Ruby McCutchen — 15620 McCutchen Rd — Evansville IN 47711 — (812) 867-3148

Borrower signature: X Samuel G. Williams    Date: 10-4-89

## SECTION B — TO BE COMPLETED BY SCHOOL

- School: CareerCom Jr. College of Business
- Address: 1314 Burch Drive, Evansville, IN 47711
- Phone: (812) 867-0034
- School code: 025706
- Branch: 0003
- Loan period: 12 89 — 06 90
- Grade level: Freshman
- Cost of attendance: $10,125
- Est. financial aid: $0
- Enrolled full-time: yes
- Anticipated graduation: 02 06 91
- Disbursement date: 10 01 89
- School official: Pamela J. Alexander, FAO — 01 02 90

## SECTION C — TO BE COMPLETED BY LENDER

- Lender: Mid-American Savings & Loan
- Lender code: 818528
- City/State/ZIP: EL DORADO, KS 67042
- Total loan approved: $4000
- Disbursement date: 12 04 89
- Installments: 120
- Due date first payment: 08 04 91
- Lender official signature: X ____  01 26 90
- Print name: Iolene Keith, V.P.

## SECTION D — TO BE COMPLETED BY HEAF (HEAF USE ONLY)

Form: SLS-353   (4-87)

**BEST COPY AVAILABLE AT TIME OF FILMING**

## REIMBURSEMENT AND INDEMNITY AGREEMENT

For the benefit of Higher Education Assistance Foundation, A Minnesota non-profit corporation ("HEAF") whose address is Suite 500, 85 East Seventh Street, St. Paul, Minnesota 55101 _____STMA_____ ("Lender") hereby agrees as follows:

1. Under the terms of that certain Lender Agreement for Guarantee of Student Loans with Federal Reinsurance between HEAF and Lender (the "Lender Agreement"), HEAF has agreed to purchase from Lender that certain eligible student loan described in Exhibit A attached hereto and made a part hereof.

2. For purposes of this Agreement, the eligible loan described in Exhibit A is referred to herein as the "Listed Loan."

3. Pursuant to the terms of various agreements ("Reinsurance Agreements") between HEAF and the United States Secretary of Education (The "Secretary"), HEAF may apply to the Secretary of Education for reimbursement of certain amounts paid by HEAF to Lender to purchase the Listed Loans.

4. HEAF has indicated that its examination of the Listed Loan indicates that for one or more of the following specified reasons attributable to Lender, to wit:

|   |    |
|---|----|
| __ | a. The note representing the Listed Loan is not in proper form. |
| __ | b. There is no promissory note. |
| __ | c. There is no signature on the promissory note. |
| __ | d. There are alterations to the promissory note. |
| __ | e. There is a Paid or Cancel stamp on the promissory note. |
| X  | f. The loan amount requested on the note has been altered or is less than the amount guaranteed. |

or for other reasons attributable to Lender which may be subsequently discovered in the collection process, HEAF or the Secretary may hereafter determine that the Listed Loan is not entitled to the insurance provided for by the Lender Agreement and the reinsurance provided for by the Reinsurance Agreements thus entitling HEAF to reimbursement for the amount paid by HEAF to Lender for such loan and requiring repayment of sums paid by the Secretary to HEAF pursuant to the Reinsurance Agreements.

NOW THEREFORE, in consideration of Purchase of the Listed Loan by HEAF and other good and valuable consideration, the Lender agrees that in the event that HEAF or the Secretary subsequently determine that for any of the reasons set forth in Paragraph 4 above the Listed Loan is not entitled to the benefits of the Lender Agreement and the Reinsurance Agreements then Lender agrees to reimburse and indemnify HEAF in full for the sum or sums paid to Lender by HEAF in respect of any such loan together with any other amounts which shall be due as a consequence of any liability incurred by HEAF to the Secretary under the Reinsurance Agreements.

IN WITNESS WHEREOF, the Lender has executed this Reimbursement and Indemnity Agreement as of the ___13___ day of ___June___, 19_91_.

LENDER:

By _____

_____

## SLS PROMISSORY NOTE

### A. PROMISE TO PAY

The interest and Guarantee Fee rates and terms (mentioned in the Promise to Pay on the front of this application promissory note) are [illegible]

[illegible paragraphs]

### B. DISCLOSURE OF LOAN INFORMATION

[illegible]

### C. GENERAL

[illegible]

### D. REPAYMENT

[illegible]

### E. PREPAYMENT

[illegible]

### F. DEFERMENT OF PAYMENT

[illegible]

### G. FORBEARANCE

[illegible]

### H. DEFAULT

[illegible paragraphs]

---

### AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

SIGNATURE: X _[signature]_ Clinton
TITLE: _[blank]_
DATE: 7-28-92

### SCHOOL CERTIFICATION

[illegible]

# EXHIBIT B

## U. S. DEPARTMENT OF EDUCATION
## OFFICE OF POSTSECONDARY EDUCATION/DCS

201450306**AUTO
SAMUEL S WILLIAMS
1408 TAYLOR AVE
EVANSVILLE IN  47714-2825

DATE: MAY 16, 1997

RE: ACCT. NO. S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

YOUR REQUEST FOR CANCELLATION OF YOUR DEFAULTED STUDENT LOAN ACCOUNT BECAUSE OF YOUR FILING OF BANKRUPTCY HAS BEEN APPROVED. ALSO, THE DEPARTMENT WILL NOT REQUEST THAT THE IRS OFFSET YOUR FEDERAL INCOME TAX REFUND.

U49    0000886

EXHIBIT "B"